## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITIZENS INSURANCE COMPANY of AMERICA, a Michigan corporation, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil Action No.:<br>) |
| MULLINS FOOD PRODUCTS, INC., an Illinois corporation, and RICARDO GALAN, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Citizens Insurance Company of America ("Citizens"), by and though its counsel of record, and for its Complaint against Defendants Mullins Food Products, Inc. ("Mullins") and Ricardo Galan, individually and on behalf of all others similarly situated ("Galan"), states as follows:

### INTRODUCTION

1. This is an insurance coverage dispute between Citizens and Mullins. Citizens issued Commercial Lines Policies to Mullins that contain a General Liability Coverage Part and a Cyber Liability Coverage Part. In this action, Citizens seeks a declaration that it has no duty to defend or indemnify Mullins under the Policies in connection with the underlying putative class action suit captioned, *Galan v. Mullins Food Products, Inc.*, Case No. 21-CH-00898, filed in the Circuit Court of Cook County, Illinois.

### PARTIES, JURISDICTION AND VENUE

2. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

1

3. Plaintiff, Citizens, is a corporation organized under the laws of the State of Michigan, with its principal place of business in Worcester, Massachusetts.

4. Defendant, Mullins is a corporation organized under the laws of the State of Illinois, with its principal place of business in Cook County, Illinois.

5. Defendant, Galan, is a citizen of the State of Illinois. Galan is joined in this suit as a nominal party defendant.

6. The Galan Lawsuit for which Mullins seeks a defense and indemnity is a putative class action. The Citizens Policies have Limits of Liability of $1 million for Personal and Advertising Injury, $2 million in the General Aggregate, and the 2016 and 2017 Policies also have a $50,000 Privacy and Security Liability Limit.

7. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff Citizens and Defendants Mullins and Galan, and (b) the amount in controversy, including the potential costs of both defending and indemnifying Mullins, substantially exceeds $75,000.

8. Venue is appropriate under 28 U.S.C. § 1391 because the making of the insurance contract at issue, which forms the basis of this action occurred in the Northern District of Illinois.

**FACTUAL BACKGROUND**

A. **The Policies**

9. Citizens issued the following Commercial Lines Policies to Mullins Food Products, Inc.:

    No. ZBC A251558 01, effective 3/24/2015 to 3/24/2016;

    No. ZBC A251558 02, effective 3/24/2016 to 3/24/2017;

    No. ZBC A251558 03, effective 3/24/2017 to 3/24/2018.

(the "Policies"). True and correct copies of the Policies are attached hereto as **Exhibits A-C,** respectively. The Policies contain a General Liability Coverage part that has a $1 million Personal and Advertising Injury Limit and a $2 million General Aggregate Limit. The 2016 and 2017 Policy also contain a Cyber Liability Coverage Part that has a $50,000 Maximum Aggregate Limit of Liability and a 3/24/2016 Retroactive Date.

### B. The Galan Lawsuit

10. On February 24, 2021, Ricardo Galan ("Galan"), individually and on behalf of all others similarly situated, filed a putative class action against Mullins in the Circuit Court of Cook County, Illinois (the "Galan Lawsuit"). A true and correct copy of the Complaint is attached hereto as **Exhibit D**.

11. The Complaint alleges Mullins implemented biometric scanning and time-tracking devices and technology to monitor and manage its workers', including Galan's, time on the job. According to the Complaint, Galan was required to provide biometric scans to Mullins each time he needed to clock in and clock out of a shift at work.

12. The Complaint further alleges that in violation of the Illinois Biometric Information Privacy Act ("BIPA"), Mullins disseminated electronic information derived from the scanning of Mullins' biometric identifiers to third parties, including vendors for timekeeping, data storage, and payroll purposes without first informing Galan in writing that Galan's biometrics were being collected, stored, used, or disseminated, or publishing any policy specifically about the collection, retention, use, deletion, or dissemination of biometrics, as is required by BIPA. According to the Complaint, Mullins did not seek, and Galan never provided, any written consent relating to the collection, use, storage, or dissemination of Plaintiff's biometrics to third parties. The Complaint

3

further alleges by failing to comply with BIPA, Mullins violated Plaintiff's substantive state rights to biometric privacy.

13. The Complaint contains one count alleging violations of Sections 15(a), (b), (c), and (d) of BIPA. It seeks statutory damages of $1,000 for each negligent violation and $5,000 for each willful or reckless violation; attorney's fees and costs; equitable and injunctive relief; and pre and post-judgment interest.

14. Mullins has requested coverage from Citizens for the Galan Lawsuit. Citizens contends that it has no obligation to defend or indemnify Mullins against the Galan Lawsuit. Accordingly, an actual controversy exists between Citizens, on the one hand, and Mullins, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## COUNT I – DECLARATORY JUDGMENT

**(Cyber Liability Coverage – No Claim Made During 2016 and 2017 Policies)**

15. Plaintiff adopts and repeats the allegations of Paragraph 1 through 14 as and for Paragraph 15, as though the same were fully set forth herein.

16. The 2016 and 2017 Polices contain a Cyber Liability Coverage Part. The Insuring Agreement in the Cyber Liability Coverage Part of the 2016 and 2017 Policies provides:

> **SECTION I – INSURING AGREEMENTS**
> **A. Privacy and Security Liability**
> The "insurer" will pay on behalf of the "insured",
> "loss" which the "insured" is legally obligated to pay due
> to a "claim" first made against the "insured" during the "policy period",
> or Extended Reporting Period if applicable, and which arises
> out of a "Privacy Breach" or a "Security Breach" to which this insurance applies.
>
> **B. Cyber Media Liability**
> The "insurer" will pay on behalf of the "insured",
> "loss" which the "insured" is legally obligated to

4

>pay due to a **"claim"** first made against the "insured" during the "policy period", or Extended Reporting Period if applicable, and which arises out of a "Cyber Media Breach" to which this insurance applies.
>
> ***

17. The Citizens Policies define "claim", in relevant part, as:

    >**1.** A written demand received by an "insured" for monetary damages or non-monetary relief including injunctive relief;
    >
    >**2.** Any complaint or similar pleading initiating a judicial, civil, or administrative proceeding;
    >
    > ***

18. The Galan Lawsuit was filed against Mullins on February 24, 2021.

19. The 2016 and 2017 Policies were expired and no longer in effect on February 24, 2021.

20. Accordingly, the Galan Lawsuit is a "claim" that was first made against Mullins on February 25, 2021, after the expiration of the 2016 and 2017 policy periods.

21. The Cyber Liability Coverage Part in the 2016 and 2017 Policies, therefore, does not actually or potentially provide coverage for the Galan Lawsuit.

22. As a result, Citizens has no defense or indemnity obligation for the Galan Lawsuit under the Cyber Liability Coverage Part of the 2016 and 2017 Policies.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Mullins in connection with the Galan Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT II – DECLARATORY JUDGMENT

**(General Liability Coverage – Employment Practices Liability Exclusion)**

23. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 14 as and for Paragraph 23, as though the same were fully set forth herein.

24. The Policies contain an Employment Practices Liability Exclusion, which states:

> **B.** The following exclusion is added to Paragraph **2., Exclusions** of Section **I – Coverage B – Personal And Advertising Injury Liability:**
>
> This insurance does not apply to:
>
> "Personal and advertising injury" to:
>
> > **(1)** A person arising out of any:
> > **(a)** Refusal to employ that person;
> > **(b)** Termination of that person's employment; or
> > **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
> > \*\*\*
>
> This exclusion applies:
> > **(1)** Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person;
> >
> > **(2)** Whether the insured may be liable as an employer or in any other capacity; and
> >
> > **(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

25. The Galan Complaint is brought by workers or employees of Mullins and alleges that Mullins violated its workers' privacy in their biometric information by requiring them to provide their biometric information for timekeeping purposes in violation of BIPA.

26. As a result, any "personal and advertising injury" arises out of any employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment,

6

discipline, defamation, harassment, humiliation, discrimination or malicious prosecution, and coverage is precluded under the General Liability Coverage Part of the Policies by reason of the Employment Practices Liability Exclusion.

27. The General Liability Coverage Part of the Policies do not actually or potentially provide coverage for the Galan Lawsuit.

28. Accordingly, Citizens has no duty to defend and indemnify Mullins for the Galan Lawsuit under the General Liability Coverage Part of the Policies.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Mullins in connection with the Galan Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT III– DECLARATORY JUDGMENT

**(General Liability Coverage – Recording and Distribution Exclusion)**

29. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 14 as and for Paragraph 29, as though the same were fully set forth herein.

30. The Policies contain the following Exclusion:

This insurance does not apply to:

**p. Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit

7

> Transactions Act (FACTA); or
>
> **(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

31. The Galan Complaint alleges that Mullins violated BIPA, a state statute, that addresses the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

32. Thus, any "personal and advertising injury" arises directly or indirectly out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

33. Therefore, the Recording And Distribution Of Material Or Information In Violation Of Law Exclusion precludes coverage for the Galan Lawsuit under the General Liability Coverage Part of the Policies.

34. The General Liability Coverage Part of the Policies does not actually or potentially provide coverage for the Galan Lawsuit.

35. As a result, Citizens has no duty to defend or indemnify Mullins against the Galan Lawsuit.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Mullins in connection with the Galan Lawsuit, and grant any other

relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT IV – DECLARATORY JUDGMENT

### (General Liability Coverage – Access or Disclosure Exclusion)

36. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 14 as and for Paragraph 36, as though the same were fully set forth herein.

37. The 2016 and 2017 Policies contain an Endorsement titled, "Exclusion – Access or Disclosure of Confidential or Personal Information and Data-Related Liability – With Limited Bodily Injury Exception, which provides, in relevant part:

> **B.** The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**
>
> **2. Exclusions**
> This insurance does not apply to:
> **Access Or Disclosure Of Confidential Or Personal Information**
> "Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.
>
> This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

38. The Galan Complaint alleges Mullins collected its workers' biometric information, *i.e.,* fingerprints, in violation of BIPA.

39. Therefore, any "personal and advertising injury" arises out of access to or disclosure of any person's confidential or personal, non-public information and coverage for the Galan Lawsuit is precluded under the General Liability Coverage Part of the Policies pursuant to the Access or Disclosure of Confidential or Personal Information Exclusion.

40. The General Liability Coverage Part of the Policies do not actually or potentially provide coverage for the Galan Lawsuit.

41. Accordingly, Citizens has no duty to defend or indemnify Mullins for the Galan Lawsuit under the General Liability Coverage Part of the Policies.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Mullins in connection with the Galan Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT V – DECLARATORY JUDGMENT

**(General Liability Coverage – Breach of Notice Condition)**

42. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 14 as and for Paragraph 42, as though the same were fully set forth herein.

43. The Policies contain the following Condition:

> **2. Duties in the Event of Occurrence, Claim or Suit**
> ***
>
> **d.** If a claim is made or a "suit" is brought against any insured you must:
>
> > **(1)** Immediately record the specifics of the claim or "suit" and the date received; and
> >
> > **(2)** Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
>
> **e.** You and any other involved insured must:

> **(1)** Immediately send us copies of any demands, notices, summonses or legal documents received in connection with the claim or "suit";
>
> \*\*\*

44. The Galan Lawsuit was filed on February 21, 2021.

45. Mullins was served in the Galan Lawsuit on or about March 2, 2021, and therefore, was aware of the suit by at least that date.

46. However, Mullins did not report the suit to Citizens until January 26, 2022. A true and correct copy of the first notice of loss to Citizens is attached hereto as **Exhibit E**.

47. Mullins consequently delayed giving notice to Citizens of the Mullins Lawsuit for over approximately ten (10) months.

48. Mullins, therefore, did not give notice to Citizens of the Galan Lawsuit "as soon as practicable" in breach of the Notice condition.

49. Coverage under the General Liability Coverage Part of the Policies is consequently barred as a result of Mullins' breach of the Notice condition.

50. Accordingly, Citizens has no duty to defend or indemnify Mullins for the Galan Lawsuit under the General Liability Coverage Part of the Policies.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Mullins in connection with the Galan Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

Respectfully submitted,

Citizens Insurance Company of America

By: /s/ Kelly M. Ognibene
      One of its Attorneys

Jeffrey A. Goldwater, Esq. (ARDC #6189014)
Kelly Ognibene, Esq. (ARDC #6297327)
Lewis Brisbois Bisgaard & Smith, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312-345-1718
Jeffrey.Goldwater@lewisbrisbois.com
Kelly.Ognibene@lewisbrisbois.com